UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO.: 1:25-CV-00447

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>                Plaintiff,<br>v.<br><br>RESORT LIFE PROPERTIES, LLC,<br><br>                Defendant. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**(INJUNCTIVE RELIEF DEMANDED)** |

Plaintiff DAVID GORDON OPPENHEIMER, by and through his undersigned counsel, brings this Complaint against Defendant RESORT LIFE PROPERTIES, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the city of New York.

3. Defendant RESORT LIFE PROPERTIES, LLC ("RLP") is a resort hospitality business. At all times relevant herein, RLP owned and operated the internet website located at the URL https://resortlifepro.com (the "Website").

4. Oppenheimer alleges that RLP copied Oppenheimer's copyright protected Work from the internet in order to advertise, market and promote its business activities. RLP distributed to, and displayed the Work on its website's homepage in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the RLP's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. RLP is subject to personal jurisdiction in North Carolina.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, RLP engaged in infringement in this district, RLP resides in this district, and RLP is subject to personal jurisdiction in this district.

## DEFENDANT

9. Resort Life Properties, LLC is a dissolved North Carolina Limited Liability Company, with its principal place of business, on information and belief, at 64 High Country Square, Banner Elk,, North Carolina, 28604, and can be served by serving its Registered Agent, Janice Trent, at PO Box 7, Minneapolis, NC 28652. RLP designated on its effective Secretary of State filings that it has no principal place of business.

## THE COPYRIGHTED PROTECTED WORK AT ISSUE

10. In 2013, Oppenheimer created the aerial photograph entitled "Aerial_1b_Oct_18_2013_OPP8972," which is shown below and referred to herein as the "Work".



11. At the time Oppenheimer created the Work, Oppenheimer applied copyright management information to the Work.

12. Oppenheimer registered the Work with the Register of Copyrights on October 24, 2013, and was assigned registration number VAu 1-151-394. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. At all relevant times Oppenheimer was the owner of the copyrighted Work at issue in this case.

14. Oppenheimer's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.

### INFRINGEMENT BY RLP

15. RLP has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, RLP copied the Work.

17. On or about January 28, 2023, Oppenheimer discovered the unauthorized use of his Work on the Website. RLP used the Work on the Website to showcase reservations availability.

18. RLP copied Oppenheimer's copyrighted Work without Oppenheimer's permission.

19. After RLP copied the Work, they made a further copy by distributing the Work on the internet to promote the sale of goods and services as part of its regular business activities.

20. RLP copied and distributed Oppenheimer's copyright protected Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21. RLP committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22. Oppenheimer never gave RLP permission or authority to copy, distribute or display the Work at issue in this case.

23. Oppenheimer notified Defendants of the allegations set forth herein on August 29, 2024 and September 16, 2024. To date, the parties have failed to resolve this matter and Defendants continue to host and display the Work on its Website.

24. When RLP copied and displayed the Work at issue in this case, RLP removed Oppenheimer's copyright management information from the Work.

25. Oppenheimer never gave RLP permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Oppenheimer incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

27. Oppenheimer owns a valid copyright in the Work at issue in this case.

28. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. RLP copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

30. RLP performed the acts alleged in the course and scope of its business activities.

31. Defendant's acts were willful.

32. Oppenheimer has been damaged.

33. The harm caused to Oppenheimer has been irreparable.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Oppenheimer incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. The Work at issue in this case contains copyright management information ("CMI").

36. The Work at issue in this case requires attribution and contains copyright management information ("CMI").

37. RLP knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action and distributed the Work with its CMI removed both in violation of 17 U.S.C. § 1202(b).

38. RLP committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

39. RLP caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

40. Oppenheimer has been damaged.

41. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, the Plaintiff DAVID GORDON OPPENHEIMER requests for judgment against the Defendant RESORT LIFE PROPERTIES, LLC that:

a. RLP and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. RLP be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, upon Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

  e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: December 19, 2025      Respectfully submitted,

**SCOTT RIDDELL LAW, PLLC**
*/s/ Scott Riddell*
SCOTT RIDDELL
North Carolina Bar Number: 62621
scott.riddell.law@gmail.com
PO Box 383
Fairview, NC 28730
828.280.3732 – Telephone

**SRIPLAW, P.A.**

SANJE V. LARA
Florida Bar Number: 1031680
sanje.lara@sriplaw.com
9100 S. Dadeland Boulevard
Suite 1500
Miami, FL 33156
786.743.0018 – Telephone
561.404.4353 – Facsimile

And

JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*